UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN,
NATHANEAL BLACKBURN,                                    Case No. 14-14158
and TIMOTHY MINER,
on behalf of themselves                                 Paul D. Borman
and all others similarly situated,                      United States District Judge

        Plaintiffs,

v.                                                      Mona K. Majzoub
                                                        United States Magistrate Judge

AK LAWNCARE, INC., and
ADAM KAROUB,

        Defendants.
_____/

OPINION AND ORDER
(1) GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION
AND (2) REQUIRING SUBMISSION OF A REVISED PROPOSED NOTICE

      The three named Plaintiffs filed this action on behalf of themselves and a putative class of similarly situated individuals pursuant to the class action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiffs allege on behalf of the putative class that Defendants AK Lawncare ("AKL") and Adam Karoub, failed to pay them one and one-half times their regular rates of pay for hours worked in excess of forty hours per week. Plaintiffs have filed a motion for conditional class certification under 29 U.S.C. § 216(b). Defendants oppose conditional class certification, arguing that Plaintiffs have failed to support their motion with sufficient evidence of similarly situated putative class members. Defendants additionally argue that, if the Court grants conditional certification, it should conclude that Plaintiffs' proposed notice to class members is deficient. The Court held a hearing on September 9, 2015 and, for the reasons that follow, GRANTS

the Plaintiffs' motion and ORDERS the submission of a revised proposed notice to the putative class.

I.   **BACKGROUND**

Defendant AKL is in the business of lawn care and snow removal. Compl. ¶ 15. Defendant Karoub is an owner and the president of AKL. Compl. ¶ 16. The Plaintiffs, Daniel Brown, Nathaneal Blackburn and Timothy Miner, were employees of AKL during the years 2011-2014 and each performed physical labor, including lawn mowing, landscaping and snow removal for AKL. ECF No. 10, Mot. Ex. 2, April 15, 2015 Affidavit of Daniel Brown ¶¶ 1-3; Ex. 3, April 15, 2015 Affidavit of Nathaneal Blackburn ¶¶ 1-3; Ex. 4, April 15, 2015 Affidavit of Timothy Miner ¶¶ 1-3. Plaintiff Brown has been employed by AKL since 2011 and continued to work for AKL at the time the Complaint was filed.[1] Compl. ¶ 18. Plaintiff Blackburn began working for AKL on or about August, 2011 and ceased working for AKL in March, 2014. Compl. ¶ 19. Plaintiff Miner began working for AKL on or about July, 2011 and ceased working for AKL in July, 2014. Compl. ¶ 20.

Each of the three named Plaintiffs attests that throughout his employment with AKL he worked in excess of forty hours per week and was not paid at a rate of one and one half times his regular pay for the hours worked in excess of forty hours per week. Brown Aff. ¶¶ 4-5; Blackburn Aff. ¶¶ 4-5; Miner Aff. ¶¶ 4-5. Each named Plaintiff alleges that based on discussions each of them has had with coworkers, they believe that other employees of AKL who performed similar manual labor also were not paid one and one half times their regular pay rate for hours that they worked in excess of forty hours per week. Compl. ¶¶ 26-27; Brown Aff. ¶¶ 7-8; Blackburn Aff. ¶¶ 7-8; Miner

---

[1] In their response to Plaintiffs' motion, Defendants assert that Brown ceased working for AKL in April, 2015. ECF No. 13, Resp. 1 n.1.

Aff. ¶¶ 7-8.

## II. ANALYSIS

Plaintiffs seek to conditionally certify a class of:

> All current and former employees performing landscaping and snow removal duties for AK Lawncare and Adam Karoub after October 28, 2011 who worked overtime hours but were not paid overtime wages during all or part of their employment.

ECF No. 10, Mot. Ex. 1, Proposed Notice to Join a Lawsuit to Recover Back Overtime Wages.

In support of their motion, the three named Plaintiffs offer their personal affidavits attesting to the fact that they engaged in similar manual labor involving lawn care, landscaping and snow removal for AKL and each worked in excess of forty hours per week without receiving one and a half times his regular rate of pay for hours worked in excess of forty. Each named Plaintiff additionally attests to the fact that based on conversations with other manual laborers who worked for AKL and performed the same job duties, he believes that other manual laborers also were not paid at a rate of one and a half times their regular rate for hours worked in excess of forty per week.

### A. Standards Governing Conditional Certification of a Collective FLSA Action

The FLSA requires employers to pay time-and-a-half for nonexempt employees who work more than forty hours per week. 29 U.S.C. § 207. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006). Section 216(b) of the FLSA authorizes employees to maintain a collective action on behalf of themselves and "similarly situated" individuals and provides in pertinent part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Unlike a class action under Fed. R. Civ. P. 23, a collective action under the FLSA requires putative class members to affirmatively "opt-in" to the collective action by giving their consent:

> Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought."). These opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action.

*O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009).

"Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer*, 454 F.3d at 546 (citing 29 U.S.C. § 216(b) and *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)). The threshold inquiry for the court in determining whether to conditionally certify a class under § 216(b) is "whether plaintiffs have shown that the employees to be notified are, in fact, 'similarly situated.'" *Comer*, 454 F.3d at 546. If the plaintiffs sustain their burden at this stage, the Court "may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id*.

The Sixth Circuit has not expressly defined the phrase "similarly situated," but the determination typically occurs in two stages: The first stage or "notice stage" occurs early in the discovery process, at which time the Court determines whether plaintiffs have provided sufficient evidence of "similarly situated" plaintiffs to merit sending notice to potential opt-in plaintiffs. *Comer*, 454 F.3d at 546. At this preliminary stage, plaintiffs must show only that their "'position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

"Because only minimal evidence is available to the parties and to the court at this point, the 'similarly situated' question is measured by a lenient standard." *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 637 (W.D. Tenn. 2009). In this preliminary discovery phase, "district courts generally allow the lead plaintiffs to 'show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Fisher v. Michigan Bell Telephone Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009) (quoting *Olivo v. GMAC Mtg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)). "The 'first stage' or notice standard is 'fairly lenient,' requiring only that Plaintiffs 'submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists.'" *Fisher*, 665 F. Supp. 2d at 825 (quoting *Olivio*, 374 F. Supp. 2d at 548). At this preliminary stage, "'[t]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Id.* (quoting *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)) (alteration in original). At the "notice stage," any affidavits or declarations of representative plaintiffs that are offered in support of a motion for conditional certification are "not required to 'meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of the litigation would defeat the purpose of the two-stage analysis under Section 216(b).'" *Fisher*, 665 F. Supp. 2d at 826 (quoting *Monroe*, 257 F.R.D. at 639). The Court has the opportunity to revisit the "similarly situated" determination following the completion of discovery, "usually in response to a motion for decertification." *Monroe*, 257 F.R.D. at 637.

### B. Plaintiffs' Evidence of "Similarly Situated" AKL Employees

Plaintiffs' affidavits, although brief, appear to contain the minimal assertions necessary to suggest a "colorable basis" for their claim that a class of "similarly situated" plaintiffs exist. *Fisher*, 665 F. Supp. 2d at 825. They, and the class they purport to represent, are all manual laborers who performed "lawn mowing, landscaping and snow removal" for AKL in the years 2011-2014. They, and the class they purport to represent, "were paid at a flat hourly rate for all hours worked." Based upon conversations that each of them has had with coworkers, each of them believes that other employees who performed similar manual labor also were not paid one and a half times their hourly rate for hours worked in excess of forty per week. Thus, according to the Plaintiffs' affidavits, the purported class members "perform the same job functions and were all paid under the same compensation system alleged to be unlawful in this case." *Monroe*, 257 F.R.D. at 638.

Defendants attack the competency and sufficiency of the Plaintiffs' affidavits. First, relying on *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005), Defendants assert that the Court cannot consider the Plaintiffs' affidavits because they contain unsupported hearsay and therefore would be inadmissible under the Federal Rules of Evidence. *Harrison*, however, is not binding on this Court and has been criticized as representing a minority opinion regarding the type of evidence that a court may consider at this notice stage, and "a majority of courts have determined that evidentiary rules should be relaxed at this stage." *Shaia v. Harvest Mgt. Sub LLC*, 306 F.R.D. 268, 275 (N.D. Cal. 2015) (collecting cases). Indeed, as Judge Nancy Edmunds of this District noted in *Fisher*, *supra*, requiring strict compliance with the Federal Rules of Evidence at this notice stage "would defeat the purpose of the two-stage analysis under Section 216(b)." 665 F. Supp. 2d at 826 (internal quotation marks and citation omitted). Plaintiffs expressly attest that their belief as

to the existence of a widespread policy is based on "conversations" with other AKL manual laborers who perform the same job functions of lawn care and snow removal. This is sufficient at this notice stage to sustain Plaintiffs' modest burden. The fact that Defendants may have obtained the affidavits of other employees (notably only three, no more in number than the three Plaintiffs who do feel aggrieved) who do not share the Plaintiffs' beliefs serves only to identify some employees who presumably would not opt-in to a collective action if one ultimately were to be certified by the Court. Such evidence is more appropriately considered at a subsequent stage, after notice and discovery.

Defendants also make several arguments attacking the sufficiency of the Affidavits that are directed toward the merits of the Plaintiffs' claims. Defendants submit the identically worded Declarations of three AKL laborers, Dustin Joly and David McCray, and Michael Barnett, who explain that (1) AKL has certain employment policies in place that require them to routinely review their paychecks and report discrepancies, (2) that AKL pays all employees for all hours worked, including overtime, (3) that AKL has always paid them all wages owed and (4) that they are not interested in joining the case and are not aware of any other current or former employees of AKL who have expressed an interest in joining the case. ECF No. 13, Defs.' Resp. Ex. B, May 12, 2015 Declaration of Dustin Joly and Ex. C, May 12, 2015 Declaration of David McCray; ECF No. 17, May 12, 2015 Declaration of Michael Barnett. Defendants also submit the Declaration of Adam Karoub, the President of AKL, who states that the job duties and compensation arrangements of AKL employees are "varied" and that "team members" have "little if any interaction" with each other. Defs.' Resp. Ex. A, May 11, 2015 Declaration of Adam Karoub ¶¶ 1-4. Karoub further states that AKL has longstanding employee policies that ensure that all employees are paid for all

7

hours worked, including overtime. *Id*. ¶ 5. Karoub states that none of the named Plaintiffs ever complained about his compensation and that, if he had, his concerns would have been reviewed and resolved. *Id*. ¶ 8.

Without a doubt, these Declarations contradict the Plaintiffs' Affidavits and create issues of fact regarding the merits of Plaintiffs' proposed class claims and indicate that not all AKL employees share the Plaintiffs' belief that they were underpaid for their overtime. However, the notice stage is not the time for the Court to weigh dueling affidavits and to evaluate the merits of the underlying claims. At this preliminary stage, "'[t]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Fisher*, 665 F. Supp. 2d at 825 (quoting *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)) (alteration in original). The fact that AKL management disputes the Plaintiffs' claims and that some employees are satisfied with the manner in which they have been compensated does not serve as a valid basis to deny conditional certification at this notice stage.

The Defendants' Declarations assert that overtime hours are required to be pre-approved by management but do not refute the Plaintiffs' assertions that all manual laborers are paid under a common plan based upon a flat hourly wage. This does not appear to be a complicated business with a particularly sophisticated or complex employee compensation program. The simplicity of Plaintiffs' Affidavits appears consistent with the nature of the business described in the Defendants' Declarations. Simplicity does not necessarily indicate insufficiency. In short, Defendants' response fails to convince the Court, at this notice stage, that Plaintiffs will be unable to establish their proposed class composed of similarly situated individuals who are compensated pursuant to a common wage plan and worked overtime without being paid time and a half for those hours.

Defendants cite to several cases in which courts denied conditional certification but, importantly, those cases involved either a lone plaintiff who purported to represent a class of similarly situated individuals, *see Simmons v. T-Mobile USA*, No. 06-1820, 2007 WL 210008, at *5 (S.D. Texas Jan. 24, 2007) (denying conditional certification where plaintiff submitted only his own affidavit attesting that there were similarly situated individuals being uncompensated for overtime), or a few vague plaintiff declarations that were countered with a massive number of declarations submitted by defendant, *see Rodgers v. CVS Pharmacy, Inc.*, No. 05-770-27, 2006 WL 752831, at * (M.D. Fla. March 23, 2006) (denying motion for conditional certification where plaintiff provided his own affidavit and two vaguely worded declarations that did not attest to conversations with other employees in the proposed class (of whom there were over 250,000) who were similarly denied overtime and defendant submitted thirty one contrary affidavits who indicated they would not join in the lawsuit and were never denied overtime, sufficiently demonstrating that plaintiff had failed to meet the minimal burden of demonstrating that other aggrieved employees existed in the class proposed). In this case, the Affidavits and Declarations are at best equal in number and weight which leads the Court to conclude that Plaintiffs have satisfied their minimal burden at this notice stage to "'submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists.'" *Fisher*, 665 F. Supp. 2d at 825 (quoting *Olivo*, 374 F. Supp. 2d at 548).

For the foregoing reasons, the Court GRANTS the motion for conditional certification.

### C. The Proposed Notice

In their Response to Plaintiffs' Motion, Defendants identify several objections to the proposed Notice and request that the Court direct the parties to meet and confer regarding

Defendants' objections and agree on a form of Notice. Plaintiffs do not substantively address the content of the Notice in their Motion and do not mention the Defendants' objections to the Notice in their Reply. Accordingly, the Court directs the parties to meet and confer regarding Defendants' objections to the proposed Notice and to submit to the Court within 45 days of the date of this Order a revised Notice (with the correct case caption) to which both parties agree and which the Court can review and approve.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for conditional certification of the proposed collective class and ORDERS the parties to meet and confer regarding a revised proposed Notice for the Court's approval.

IT IS SO ORDERED.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: October 14, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2015.

        s/Deborah Tofil  
        Case Manager