UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN,
NATHANEAL BLACKBURN,
and TIMOTHY MINER,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

AK LAWNCARE, INC., and
ADAM KAROUB,

        Defendants.
_____/

Case No. 14-14158

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## OPINION AND ORDER GRANTING RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (ECF NO. 38)

Before the Court is the parties' Renewed Joint Motion for Approval of Settlement in this Fair Labor Standards Act putative collective action. (ECF No. 38.) The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2).

I.    **BACKGROUND**

Plaintiffs, manual laborers who provided lawn maintenance and snow removal services for the Defendants, filed this putative collective action on October 28, 2014,

1

claiming that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay them, and similarly situated individuals, one and one-half times their regular rates of pay for hours worked over 40 per week. (ECF No. 1, Complaint ¶¶ 1-3.) On October 14, 2015, this Court entered an Order conditionally certifying the action as a collective action under the FLSA, 29 U.S.C. § 216(b). (ECF No. 23, Opinion and Order Granting Conditional Certification and Requiring Submission of Revised Proposed Notice.) On March 16, 2016, after receiving Plaintiffs' revised proposed notices, the Court issued an Order approving the notice of lawsuit with opportunity to join in and permitting dissemination of the notice. (ECF No. 30, Order Approving the Notice of Lawsuit With Opportunity to Join In.) On June 2, 2016, Plaintiffs filed a Notice of Filing of Consents, informing the Court that only three individuals had elected to opt-in to the putative collective action. (ECF No. 31, Plaintiffs' June 2, 2016 Notice of Filing of Consents.)

On November 16, 2016, there having been no activity in the case since the June 2, 2016 Filing of Consents, the Court issued a Notice to Appear for a status conference on December 12, 2016. At that status conference, Plaintiffs' counsel informed the Court that Plaintiffs were still waiting to receive time records from the Defendants for the three named Plaintiffs and the three opt-ins so that they could begin to assess the damages. The Court gave the parties 60 days to sort out the time records and

scheduled another status conference for February 14, 2017. At the February 14, 2017 status conference, it appeared that little progress had made with regard to the time records and the Court instructed the Plaintiff to prioritize this matter, to be diligent about resolving this three-year old case, and to report back to the Court within 60 days with evidence of their efforts or face dismissal of this action for failure to prosecute. (ECF No. 34, Order Regarding the Court's Instructions to the Parties at the February 14, 2017 Status Conference.)

The parties have now agreed to a resolution of Plaintiffs' claims and seek Court approval of their proposed Settlement Agreement. (ECF No. 38-2, Settlement Agreement and Release.) Because the Plaintiffs' claims presented a *bona fide* legal dispute regarding compensation for their overtime work, and because the proposed Settlement Agreement represents a fair and reasonable resolution of those claims, the Court GRANTS the joint motion for approval of settlement.

## II. LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation

3

or bargaining between employers and employees." *Id*. Thus, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements of FLSA claims that are reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial review and possible approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. (alterations added).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27,

4

2016) (internal quotation marks and citations omitted). In determining whether a proposed settlement is fair and reasonable, the court considers several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). *See also Williams v. Alimar Security, Inc.*, No. 13-cv-12732, 2017 WL 427727, at *2-3 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). "Where a proposed settlement of FLSA claims includes the payment of attorneys' fees, the must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336.

## III. ANALYSIS

In this case, there was a *bona fide* FLSA dispute over whether Plaintiffs' were entitled to the overtime compensation they seek. If this case were to proceed to trial, Defendants would take the position that Plaintiffs were paid for all of the hours they actually worked and would dispute Plaintiffs' estimates of their hours. Additionally,

5

in response to the 64 opt-in notices that were purportedly mailed, only three employees opted to join the putative collective action and two of those three were unable to demonstrate any overtime hours. (ECF No. 38, Mot. at 1, PgID 292, Ex. 2, Attorney Time Records and Costs, PgID 319.)

The parties have agreed to a total settlement amount of $30,000.00, payable to Plaintiffs' counsel in three equal monthly installments commencing on the first day of the month immediately following the Court's approval of the Settlement Agreement. (ECF No. 38, Ex. 1, Settlement Agreement ¶ 2.) From this amount, Plaintiffs' counsel will recover $11,755.39 in attorneys' fees and $611.52 in costs. The net settlement proceeds to the Plaintiffs of $17,633.09 represents the following for each of the three named Plaintiffs and opt-in Thompson, distributed based upon the total number of hours worked by each: Daniel Brown: $11,859.74; Timothy Miner: $4,127.98; Nathaniel Blackburn: $1,481.56; and Frank Thompson: $163.81. The parties represent that the total amount of actual damages that Plaintiffs could have recovered at trial based on their testimony would have been $24,220.00 and that the maximum amount of liquidated damages which might have been recovered if Plaintiffs had been able to establish the full measure of their actual damages would have been $24,220.00, for a total possible best case recovery of $48,440.00. Thus, the $30,000.00 recovery represents approximately 60% of the total amount of

damages Plaintiffs could have recovered at trial had they prevailed on every issue. Given that Defendants robustly denied the correctness of the number of overtime hours reported by the Plaintiffs, and were prepared to dispute these characterizations at trial, the recovery bears a reasonable relation to Plaintiffs' real potential recovery and eliminates completely the cost burdens and potential unfavorable results of a trial. As both parties were represented by experienced employment law counsel, and the Court has no grounds to suspect fraud or collusion, the settlement of Plaintiffs' claims appears fair and reasonable and promotes the policy of encouraging settlement of litigation.

Finally, the Court must assess the reasonableness of Plaintiffs' counsel's requested attorney fee award. Plaintiffs attach the relevant attorney billing records, which document that Plaintiffs' attorneys have incurred $15,172.50 in fees for the work they have performed on this case, not including preparation of the approval motion and other related settlement work. (ECF No. 38, Mot. at 4, PgID 295; Ex. 2, Attorney Time Records and Costs.) The parties represent in their joint motion that the retainer agreement executed by the named Plaintiffs called for reimbursement of costs and an attorneys' fee of "40% of the net recovery" in the event that resolution occurred more than 15 months after the date of filing the Complaint. (ECF No. 38, Mot. at 4, PgID 295.) The parties further define the "net settlement" as the amount

remaining after deduction of attorney fees and costs. (ECF No. 38, Mot. at 3, PgID 294.) Although this characterization of the fee arrangement causes some confusion, the math suggests that the attorney fee award of $11,755.39 actually represents 40% of the "total settlement amount minus costs ($611.52)," *i.e.* $30,000.00 - $611.52 = $29,388.48, and $29,388.48 x .40 = $11,755.39. Although the parties have not produced the relevant retainer agreement, the parties have agreed to the breakdown of the settlement amount in submitting their joint request for approval, and the Court assumes that the attorneys' fee award is consistent with the terms of the retainer agreement. The attorneys' fee award is less than the $15,172.50 actually incurred by Plaintiffs' counsel. *See Williams*, 2016 WL 319596, at *2 (noting that courts in this district have approved FLSA settlements where the attorneys' fees were "slightly greater" than the plaintiff's recovery).

The Court finds that Plaintiffs' counsel's attorney fee award representing approximately 40% of the total settlement amount, a formula that was disclosed to the named Plaintiffs in the retainer agreement they executed, is reasonable for the work performed and the result obtained.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Renewed Joint Motion for Approval of Settlement and APPROVES the Settlement Agreement as a fair and

remaining after deduction of attorney fees and costs. (ECF No. 38, Mot. at 3, PgID 294.) Although this characterization of the fee arrangement causes some confusion, the math suggests that the attorney fee award of $11,755.39 actually represents 40% of the "total settlement amount minus costs ($611.52)," *i.e.* $30,000.00 - $611.52 = $29,388.48, and $29,388.48 x .40 = $11,755.39. Although the parties have not produced the relevant retainer agreement, the parties have agreed to the breakdown of the settlement amount in submitting their joint request for approval, and the Court assumes that the attorneys' fee award is consistent with the terms of the retainer agreement. The attorneys' fee award is less than the $15,172.50 actually incurred by Plaintiffs' counsel. *See Williams*, 2016 WL 319596, at *2 (noting that courts in this district have approved FLSA settlements where the attorneys' fees were "slightly greater" than the plaintiff's recovery).

The Court finds that Plaintiffs' counsel's attorney fee award representing approximately 40% of the total settlement amount, a formula that was disclosed to the named Plaintiffs in the retainer agreement they executed, is reasonable for the work performed and the result obtained.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Renewed Joint Motion for Approval of Settlement and APPROVES the Settlement Agreement as a fair and

reasonable resolution of a bona fide FLSA dispute.

According to the parties' request, the Court will enter an Order of Dismissal of this action WITH PREJUDICE upon Plaintiffs' counsel's notice to the Court of receipt of the settlement funds, which shall occur on or before August 28, 2017, per the terms of paragraph 2 of the Settlement Agreement. (Settlement Agreement, ¶ 2, PgID 306.)

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 11, 2017.

s/Deborah Tofil  
Case Manager